IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DIANE RAMIREZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) JURY TRIAL DEMANDED |
| MEDICREDIT, INC., | ) ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, DIANE RAMIREZ, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, MEDICREDIT, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. DIANE RAMIREZ, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Greentop, County of Schuyler, State of Missouri.

1

5. MEDICREDIT, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Missouri. Defendant is incorporated in the State of Missouri.

6. In its dealings with Plaintiff, Defendant held itself out as being a company collecting multiple debts allegedly owed by Plaintiff.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## IV.   ALLEGATIONS

9. On or about February 9, 2010, Defendant sent Plaintiff a correspondence in an attempt to collect debts allegedly owed by Plaintiff to Ameren-UE - Green Hills and to Institute for Outpatient Surgery.

10. The debts allegedly owed by Plaintiff were incurred primarily for personal, family, or household services.

11. The aforementioned correspondence stated that the debt allegedly owed by Plaintiff to Ameren-UE - Green Hills totaled approximately one-hundred and ninety-seven dollars ($197.00).

12. The aforementioned correspondence stated that the two (2) debts allegedly owed by Plaintiff totaled in excess of five-hundred dollars ($500.00).

13. On or about February 10, 2010, Plaintiff received a telephone call from Defendant, who was calling in a further attempt to collect the debts allegedly owed by Plaintiff.

14. During the aforementioned telephone conversation, Defendant stated that if Plaintiff did not pay five-hundred dollars ($500.00) by the end of the month then Defendant would report both debts allegedly owed by Plaintiff to a credit reporting agency.

15. At the time Defendant made the threat to report the alleged debts to a credit reporting agency, the debt Plaintiff allegedly owed to Ameren-UE - Green Hills could no longer be reported as it was beyond the seven (7) year limitation for the reporting of such accounts pursuant to the provisions of the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq.

16. On or about February 10, 2010, Defendant initiated a total of three (3) telephone calls to Plaintiff in a single day.

17. On or about February 13, 2010, Defendant told Plaintiff, during a telephone conversation, that the debt she allegedly owed to Ameren-UE - Green Hills totaled approximately four-hundred and ten dollars ($410.00) despite the fact that Defendant previously told Plaintiff that the debt totaled approximately one-hundred and ninety seven dollars ($197.00).

18. In and around February of 2010, Defendant initiated approximately seven (7) telephone calls to Plaintiff in a single week.

19. During the aforementioned telephone calls Defendant left multiple voice mail messages for Plaintiff and Defendant failed to state that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

20. In its attempts to collect the debts allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

b. Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5);

c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

d. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

e. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

f. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

g. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

h. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

i. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

21. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

22. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DIANE RAMIREZ, by and through her attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

4

  c. Plaintiff's attorneys' fees and costs;

  d. Any other relief deemed appropriate by this Honorable Court.

           Respectfully submitted,
           **DIANE RAMIREZ**

        By: s/ Larry P. Smith
          Attorney for Plaintiff

Dated: April 17, 2010

Larry P. Smith (Atty. No.: 500189)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x811)
Facsimile: (888) 418-1277
E-Mail: lsmith@smithlaw.us